1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

7

8    Eric de Jesus Mejia-Perez,                CV-12-2040-PHX-SRB (JFM)
         Petitioner
9            -vs-                          **Report & Recommendation On Petition**
     Charles L. Ryan, et al.,                   **For Writ Of Habeas Corpus**
         Respondents.
10

11              **I. MATTER UNDER CONSIDERATION**

12         Petitioner, presently incarcerated in the Arizona State Prison Complex at

13   Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §

14   2254 on September 26, 2012 (Doc. 1).  On December 13, 2012 Respondents filed their

15   Limited Answer (Doc. 14).  Petitioner filed a Reply on January 28, 2013 (Doc. 20).

16         The Petitioner's Petition is now ripe for consideration.  Accordingly, the

17   undersigned makes the following proposed findings of fact, report, and recommendation

18   pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules

19   of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil

20   Procedure.

21

22         **II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

23   **A. PROCEEDINGS AT TRIAL**

24         On October 28, 2005, Petitioner was indicted in the Maricopa County Superior

25   Court in a 22 count Indictment (Exhibit A) on counts of kidnapping, aggravated assault,

26   sexual conduct with a minor, attempted sexual conduct with a minor, sexual abuse of a

27   child, burglary, attempted sexual assault, sexual abuse, aggravated assault, and robbery.

28   (Exhibits to the Answer, Doc. 14, are referenced herein as "Exhibit ___.")  The charges

arose out of Petitioner's attacks on four different females from October 11, 2004 through July 19, 2005.

Petitioner eventually entered into a written plea agreement (Exhibit B), wherein he agreed to plead guilty to one count of sexual conduct with a minor (Count 3), one amended count of attempted sexual conduct with a minor (Count 4), another count of attempted sexual conduct with a minor (Count 5), one count of sexual assault (Count 19) and one amended count of attempted sexual assault (Count 10).  In exchange, Petitioner was to be sentenced to prison on the sexual assault and sexual conduct with a minor charges (Counts 3 and 19), and to lifetime probation on the attempts (Counts 4, 5, and 10).  The remaining counts were to be dismissed.

On July 24, 2007, Petitioner entered his guilty plea to Counts 3, 4, 5, 10 and 19, all pursuant to the Plea Agreement.  (Exhibit C, M.E. 7/24/07; Exhibit D, R.T. 7/24/07.)  Petitioner was aided at the change of plea by an interpreter.  (Exhibit D, R.T. 7/24/07 at 3.)

On August 27, 2007, Petitioner was sentenced to 25 years "flat" on Count 3, to 10 years "flat" on Count 19, and to a consecutive sentence of three terms of lifetime probation, concurrent to each other, on the remaining counts.  (Exhibit E, Sentence; Exhibit F, R.T. 8/28/07.)  Petitioner was again aided at sentencing by an interpreter. (Exhibit F, R.T. 8/28/07 at 3.)

**B.  PROCEEDINGS ON DIRECT APPEAL**

As a pleading defendant, Petitioner had no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

**C.  PROCEEDINGS ON POST-CONVICTION RELIEF**

**First PCR Proceeding** - On October 3, 2007 (36 days after sentencing), Petitioner filed a Notice of Post-Conviction Relief (Exhibit G).  Counsel was appointed

2

(Exhibit H, M.E. 10/5/07), who eventually filed a Notice of Completion of Review (Exhibit I), evidencing an inability to find an issue for review.  Counsel was directed to remain in an advisory capacity, and Petitioner was granted leave to file a *pro per* PCR petition.  (Exhibit J, M.E. 1/29/08.)

On March 11, 2008, Petitioner filed his *Pro Per* Petition for Post-Conviction Relief (Exhibit K), arguing: (1) he was improperly sentenced under *Blakely v. Washington*, 542 U.S. 296 (2004); and (2) he received ineffective assistance of counsel. In an Order filed October 17, 2008, the PCR court denied the petition on its merits. (Exhibit L, M.E. 10/17/08; Exhibit M, Order 10/16/08.)

Petitioner then filed a Petition for Review (Exhibit N), seeking review by the Arizona Court of Appeals, again arguing an unconstitutional sentence, and ineffective assistance of counsel.  On December 14, 2009, the appellate court summarily denied the petition for review.  (Exhibit O, Order 12/14/09.)  On December 24, 2009, the court entered an Amended Order (Exhibit P), with no apparent differences.

**Second PCR Proceeding** – On May 25, 2012, Petitioner filed a second Notice of Post-Conviction Relief (Exhibit Q), asserting a claim of actual innocence.  On June 4, 2012, the PCR court dismissed the PCR notice, finding that Petitioner failed to support his untimely petition with specific claims.  (Exhibit R, M.E. 6/4/12.)

**Third PCR Proceeding** – On August 8, 2012, Petitioner filed a state Petition for Writ of Habeas Corpus (Exhibit S), arguing that he was denied due process, received ineffective assistance of trial counsel, and that his plea was involuntary.  In a Minute Entry filed September 21, 2012 (Exhibit T), the PCR court construed the habeas petition as a petition for post-conviction relief, and dismissed it as untimely and because the claims were waived by failure to present them in and earlier proceeding.

**Appellate Review** - Petitioner asserts in his Petition that he sought review by the Arizona Court of Appeals and the Arizona Supreme Court in all three of state proceedings. (Petition, Doc. 1 at 5.)  Petitioner proffers no records or details and the record does not show any appellate petition other than the Petition for Review (Exhibit

N) in his first PCR proceeding.  Respondents Contend that no petition was filed with the Arizona Supreme Court.  (Answer, Doc. 14 at 5, n. 3)  Respondents provide a copy of email correspondence with the Arizona Supreme Court (Exhibit U) to support the contention.

> The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

28 U.S.C. § 2248.  In the midst of arguing his disabilities, Petitioner argues "the primary reason the petitioner did not file the last of his petitions, where and continue to indicate, he is incompetent to understand the procedural requirements."  (Reply, Doc. 20 at 2.)

In light of the foregoing, the undersigned finds that no review was sought from the second and third PCR petitions, and that the only review sought in the first PCR proceeding was to the Arizona Court of Appeals.


**D.  PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 26, 2012 (Doc.1).   The Petition is dated September 24, 2012. (*Id.* at 11.)   Petitioner's Petition asserts the following three grounds for relief:

> (1) Petitioner's constitutional rights were violated because his plea was coerced and was not knowing or intelligent;
> (2) Petitioner's attorney misinformed him about the consequences of going to trial; and
> (3) Petitioner should be allowed to file his petition outside the statute of limitations because he does not understand the United States' judicial system.

(Order 11/7/12, Doc. 4 at 2.)

Service and a response were ordered on November 7, 2012.  (*Id.* at 3-4.)

**Response** - On December 13, 2012, Respondents filed their Response ("Limited Answer") (Doc. 14).  Respondents argue that the claims are barred by the habeas statute of limitations, and are procedurally barred, having been disposed of in Petitioner's third PCR proceeding on an independent and adequate state ground.

4

**Reply** - On January 28, 2013, Petitioner filed a Reply (Doc. 20).  Petitioner argues, *inter alia*, that he is innocent (Reply, Doc. 20 at 8) and entitled to equitable tolling because he is uneducated, does not know English, did not have counsel, and has been diligently pursuing his rights (*id.* at 10-12).

### III. APPLICATION OF LAW TO FACTS

**A.  TIMELINESS**

**1.  One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed.  *Id.*

**2.  Commencement of Limitations Period**

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For Arizona pleading defendants, their opportunity for direct review is an Arizona Rule 32 of-right post conviction relief proceeding.  *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007).  "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007).  "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Here, Petitioner was sentenced on August 28, 2007.  (Exhibit L, Sentence.)  His

first PCR proceeding was commenced on the filing of his PCR Notice (Exhibit G) on October 3, 2007.  This was within the 90 day time allowed for an "of right" petition, and thus constituted "direct review" within the meaning of § 2244(d)(1).   That petition remained pending until December 24, 2009, when the Arizona Court of Appeals filed its Amended Order (Exhibit P) denying the petition.

Thereafter, Petitioner had 30 days to seek further review by the Arizona Supreme Court.  *See* Ariz.R.Crim.Proc. 32.9(g) and 31.19(a).  He did not seek such review.

Accordingly, Petitioner's conviction became final on Monday, January 25, 2010, when his time expired to seek further review on his "of-right" PCR petition.  His one year limitations period began running thereafter, and expired one year later on January 25, 2011.  Without any tolling, Petitioner's habeas petition, filed September 26, 2012, was some 20 months delinquent.


### 3.  Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Here, Petitioner's one year began running primarily on January 26, 2010 and expired on January 25, 2011.  During that time, Petitioner had no state applications for relief pending.

It is true that Petitioner thereafter filed his second PCR notice (Exhibit Q) on May 25, 2012 and his state habeas petition (Exhibit S) on August 8, 2012. However, the limitations period had already expired as of that time.   Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Moreover, for a state application to toll the statute of limitations, it must be "properly filed."  28 U.S.C. § 2244(d)(2).  In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)

the Court held that when a state post-conviction petition is untimely under state law, then it is not "properly filed" within the meaning of § 2244(d)(2) for purposes of statutory tolling.   Here, Petitioner's second and third PCR proceedings were dismissed as untimely.  (Exhibit R, M.E. 6/4/12; and Exhibit T, M.E. 9/19/12.)

Accordingly, Petitioner is not entitled to statutory tolling and his Petition remains untimely.

### 4.  Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'"  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' "  *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002)  (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

Petitioner argues that he is entitled to equitable tolling because he is uneducated, does not know English, did not have counsel, and has been diligently pursuing his rights. (Reply, Doc. 20 at 10-12.)

**Untrained, *Pro Se* Status** - A petitioner's lack of education is not, of itself, grounds for equitable tolling.  *Cf. Hughes v. Idaho Bd. of Corrections*, 800 F.2d 905, 908–09 (9th Cir. 1986) (petitioner's pro se status, release of inmate assistant, and illiteracy not cause to excuse procedural default). Moreover, Petitioner concedes that he

is not wholly uneducated.   Although he asserts that the educational system is not equivalent, he acknowledges having completed the seventh grade in Mexico.   (Reply, Doc. 20 at 10.)   Whatever the limits of that education might be, Petitioner offers nothing to explain why they made it impossible for him to timely file his habeas petition.

Nor does a prisoner's *pro se* status establish a basis for equitable tolling.  A prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."  *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). ).   Indeed, outside the realm of capital punishment, it is being represented in filing a habeas petition that is extraordinary.   Petitioner complains that the state should have provided him advisory counsel.   While the state may be required to insure that an inmate has access to the courts by providing access to legal research materials or other forms of assistance, *Cornett v. Donovan*, 51 F.3d 894 (9th Cir. 1995), a prisoner has no constitutional right to legal counsel in habeas proceedings. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1177 (9th Cir. 1990); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986), cert. denied, 479 U.S. 867.

Moreover, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999). ).  *See also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

**Language Barrier** - Petitioner complains he speaks Spanish, and lacks the ability to understand English.   The Ninth Circuit has held that "a non-English-speaking petitioner seeking equitable tolling must, *at a minimum*, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (emphasis added).   Indeed, without the specific showing mandated in *Mendoza*, a large percentage of the prison population in Arizona would be entitled to automatic

1  equitable tolling.

2  Petitioner asserts that like any sane person would do, he did "his best to find

3  someone to communicate with, for an assistance to their well-being." (Reply, Doc. 20 at

4  12.)  "His very peers he came across with, he seeked [sic] to find a guiding hand." (*Id.*)

5  However, the inference is not that Petitioner was unable to find translation assistance,

6  but was unable to find legal advice among his Spanish speaking peers.  Indeed, within

7  the Arizona state prison system, it would be extremely surprising if translation assistance

8  were wholly unavailable.  *Mendoza* does not authorize equitable tolling based upon a

9  lack of advice in a petitioner's own language, but only a lack of translation assistance.

10  Moreover, at least as of May, 2012, when Petitioner filed his second PCR notice

11  (Exhibit Q), Petitioner had located sufficient assistance to allow him to complete that

12  filing in the English language.  Petitioner does not explain why that same assistance

13  could not have been utilized to file a federal habeas petition at that time. Even if

14  extraordinary circumstances prevent a petitioner from filing for a time, equitable tolling

15  will not apply if he does not continue to diligently pursue filing afterwards.  "If the

16  person seeking equitable tolling has not exercised reasonable diligence in attempting to

17  file after the extraordinary circumstances began, the link of causation between the

18  extraordinary circumstances and the failure to file is broken, and the extraordinary

19  circumstances therefore did not prevent timely filing."  *Valverde v. Stinson*, 224 F.3d

20  129, 134 (2nd Cir. 2000).  *But see  Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002),

21  McKeown, J. dissenting (arguing that equitable tolling should work a stoppage of the

22  clock, with a resulting extension of the deadline).   Ordinarily, thirty days after

23  elimination of a roadblock should be sufficient.  *See Guillory v. Roe*, 329 F.3d 1015,

24  1018, n.1 (9th Cir. 2003).  Thus, at best, Petitioner would be entitled to equitable tolling

25  as a result of his language barrier through June, 2012.  His federal filing in September,

26  2012 would thus remain untimely.

27  Therefore, whatever equitable tolling Petitioner might be able to support, it would

28  not be sufficient to make his Petition timely.

9

**5.  Actual Innocence**

The Ninth Circuit has concluded that the statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner argues, to an extent, that he is innocent.  It is to a limited extent, however.

> The petitioner wants to clarify his case, that he is innocent to the fact, that he did not commit these crimes as had been reported in the alledged [sic] victim's [sic] testimonies.

(Reply, Doc. 20 at 8.) Petitioner does not support his bald assertion with any specific allegations or any proffer of evidence.

The actual innocence standard requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," and must support his allegations of actual innocence "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Lee v. Lampert*, 653 F.3d 929, 937938 (9th Cir. 2011) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 and 324 (1995)).

Petitioner's bald assertions of his innocence do not suffice.

**6.  Summary**

Petitioner's time for seeking "direct review" ended on January 25, 2010, when his time expired to file a petition for review with the Arizona Supreme Court on his "of right" petition for post-conviction relief.  Accordingly, Petitioner's conviction was final and his one year limitations period began running after January 25, 2010, and expired one year later on January 25, 2011.  Petitioner had no state petitions pending during that period (and none that were properly filed thereafter), and thus he is entitled to no statutory tolling.  Petitioner has failed to show that in the face of reasonable diligence extraordinary circumstances made it impossible for him to file his federal habeas petition on time, and thus he is entitled to no equitable tolling.  Therefore, his federal habeas petition, filed on September 26, 2012 is untimely, and must be dismissed with prejudice.

**B.  OTHER DEFENSES**

Respondents also argue that Petitioner's claims are either procedurally barred under an independent and adequate state ground.  Because the undersigned finds the Petition plainly barred by the statute of limitations, this defense is not reached.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed September 26, 2012 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability be **DENIED.**

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant

to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: February 22, 2013

12-2040r RR 13 02 21 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge

13