IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ERIC DE JESUS MEJIA-PEREZ,

                Petitioner,

    v.

CHARLES L. RYAN, et al.

                Respondents.

Case No. 2:12-cv-02040-PHX-SLG

**ORDER DISMISSING ACTION**

    Petitioner Eric de Jesus Mejia-Perez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 26, 2012.[1] On December 13, 2012, Respondents filed their Limited Answer.[2] Mr. Mejia-Perez filed a Reply on January 28, 2013.[3] On February 25, 2013, the Magistrate Judge entered his Report and Recommendation, concluding Mr. Mejia-Perez's petition "is untimely, and must be

---

[1] Docket 1 (Petition).

[2] Docket 14 (Limited Answer).

[3] Docket 20 (Reply).

dismissed with prejudice."[4]  Mr. Mejia-Perez filed an Objection to the Report on March 13, 2013.[5]

This Court has reviewed de novo those portions of the Magistrate Judge's Report and Recommendation to which objection was made.[6]  Based upon that review, this Court adopts in its entirety the Report and Recommendation.  Accordingly, and for the reasons set forth in the Report and Recommendation, the Petition for Habeas Corpus is DISMISSED with prejudice, and the Clerk of Court is directed to enter judgment accordingly.

A Certificate of Appealability is also DENIED, as the untimeliness of Mr. Mejia-Perez's habeas petition is not debatable among reasonable jurists, for the reasons set forth by the Magistrate Judge in the Report and Recommendation.[7]

DATED this 5th day of April, 2013.

/s/ Sharon L. Gleason
United States District Judge

---

[4] Docket 23 at 10 (MJ R&R).

[5] Docket 25 (Objection).  In the objection, Mr. Mejia-Perez maintains that he is actually innocent, that his primary language is Spanish, that he has exercised due diligence in pursuing post-conviction remedies and that he is eligible for equitable tolling.  Mr. Mejia-Perez also asserts that if the Court adopts the Report and Recommendation, it should issue a Certificate of Appealability.

[6] 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

[7] 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *also see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").